## 7436.  HESTERLY *v.* INGRAM.

WADE, C. J.  1. There was evidence from which the trial court could infer that the occupancy by the defendant of a tent located outside of the jurisdiction of the court, during the summer months only, was merely temporary, especially since the defendant owned a certain house in the City of Atlanta, in which she resided immediately preceding and until the erection of the tent, and at the close of the summer the tent was taken down and removed, and the defendant returned to the city and resumed her occupancy of a part of the same residence which she had formerly occupied and still owned. These circumstances, established by the evidence of the defendant herself, could have been accepted by the court as sufficiently contradicting her direct testimony as to her actual or intended change of residence to a point without the City of Atlanta, and the degree of credibility to be attached to such direct statements was for the judge who passed upon the facts. Irrespective, therefore, of the question whether the plea to the jurisdiction was sufficiently set out in the answer of the judge, by his adoption of that paragraph in the petition which asserted that such a plea was filed, and that a copy thereof was attached to the petition, "marked exhibit B, and made a part of this petition," this court can not say that the judgment of the trial court was without evidence to support it.

2. Allegations or assignments of error in the petition for certiorari, not clearly and distinctly verified by the answer of the judge, including the allegation that no proof was submitted of the existence of the debt which formed the basis of the judgment, can not be considered.

3. In the state of the record, it does not appear that the judge of the superior court erred in overruling the certiorari.

*Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. March 15, 1916.

*Allen, Morrow & Morrow,* for plaintiff in error.

*Hewlett, Dennis & Whitman,* contra.